1  CROWELL & MORING LLP
   Kathleen Taylor Sooy (admitted *pro hac vice*, ksooy@crowell.com)
2  April N. Ross (admitted *pro hac vice*, aross@crowell.com)
   1001 Pennsylvania Ave., N.W.
3  Washington, DC 20004
   Telephone: 202.624.2500
4  Facsimile: 202.628.5116

5  CROWELL & MORING LLP
   Andrew Holmer (SBN 268864, aholmer@crowell.com)
6  515 South Flower St., 40th Floor
   Los Angeles, CA 90071
7  Telephone: 213.622.4750
   Facsimile: 213.622.2690

8
   GREGORY R. OXFORD (SBN 62333)
9  ISAACS CLOUSE CROSE & OXFORD LLP
   21515 Hawthorne Boulevard, Suite 950
10 Torrance, California 90503
   Telephone: (310) 316-1990
11 Facsimile: (310) 316-1330
   goxford@icclawfirm.com
12
   Attorneys for GENERAL MOTORS LLC
13

14                    **UNITED STATES DISTRICT COURT**

15                    **CENTRAL DISTRICT OF CALIFORNIA**

16                        **WESTERN DIVISION**

17

18
   ESTATE OF WILLIAM D.            Case No. 2:15-cv-08047 JFW (Ex)
19 PILGRIM, *et al.*,
                                   [~~PROPOSED~~] STIPULATED
20                    Plaintiffs,  PROTECTIVE ORDER

21     vs.                         DISCOVERY DOCUMENT:
                                   REFERRED TO MAGISTRATE
22 GENERAL MOTORS LLC and          JUDGE CHARLES F. EICK
   DOES 1-50 inclusive,
23

24
                      Defendants.
25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1    Disclosure and discovery in the above-captioned action ("Action") are likely
2    to involve production of confidential, proprietary, or private information for which
3    special protection from public disclosure and from use for any purpose other than
4    prosecuting this litigation may be warranted. Accordingly, the parties hereby
5    stipulate to and petition the court to enter the following Stipulated Protective Order.
6    The purpose of this Protective Order is to protect discovery material that is
7    confidential or privileged and facilitate the prompt resolution of disputes over
8    confidentiality and privilege, pursuant to the Court's inherent authority, its
9    authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence
10   502(d), and the judicial opinions interpreting such Rules.

11   **I.    CONFIDENTIALITY**

12   1.    <u>Information</u>. "Information" includes the contents of documents and
13   other data, any data and information derived from or associated with documents
14   (whether physical or in electronic format), oral and written testimony, answers to
15   interrogatories, admissions, and data and information derived from objects other
16   than documents, produced or disclosed in these proceedings by any party to the
17   above-captioned case, or by any third party (the "Producing Party") to any other
18   party or parties, subject to the provisions in Paragraphs 5 and 6 of this Order (the
19   "Receiving Party").

20   2.    <u>Confidentiality Designations</u>. This Order covers Information that
21   the Producing Party or any party to the above-captioned case ("Designating Party")
22   designates as "Confidential" or "Highly Confidential." Information may be
23   designated as Confidential when: (i) the Designating Party reasonably believes that
24   the Information constitutes, reflects, discloses or contains Information subject to
25   protection under Federal Rule of Civil Procedure 26(c) or other confidential, non-
26   public information; or (ii) the Designating Party reasonably believes that the
27   Information is protected by federal, state, or foreign data protection laws or other
28   privacy obligations, including (but not limited to) consumer and third- party names,

1    such as the first and last names of persons involved in an accident or of other
2    individuals not directly involved in an accident but included in documents related to
3    an accident; Social Security Numbers; health information relating to the past,
4    present or future physical or mental health or condition of an individual; the
5    provision of health care to an individual, or the past, present or future payment for
6    the provision of health care to an individual; driver's license or other identification
7    numbers; personal financial information such as tax information, bank account
8    numbers, and credit card numbers; insurance claim numbers; insurance policy
9    numbers; VIN numbers; or the personal email addresses or other contact
10   information of GM's officers, board members, and employees ("Personal
11   Information"). Information may be designated as Highly Confidential when: (i) the
12   Designating Party reasonably believes that the documents or information contain
13   competitively sensitive information regarding trade secrets, product designs or
14   strategies, testing, research, development, technical, marketing, planning,
15   commercial or financial information, or other sensitive information, the disclosure
16   of which to third party competitors may result in commercial harm; or (ii) the
17   Designating Party reasonably believes that the documents or information includes
18   Personal Information. Subject to provisions of Paragraph 3(b), the parties shall
19   make Confidential and Highly Confidential designations in good faith to ensure that
20   only those documents that merit Confidential or Highly Confidential treatments are
21   so designated.

22        3.        Procedure for Confidentiality Designations.

23             (a)    *Designation*. To designate Information as Confidential or
24   Highly Confidential, a Designating Party must mark it or identify it on the record as
25   such. Either designation may be withdrawn by the Designating Party. If testimony
26   is orally designated as Confidential or Highly Confidential during the course of a
27   deposition, the court reporter shall transcribe the pages so designated in a separate
28   volume marked accordingly. Any portion of a deposition so designated, or

separately bound, shall not be filed with the court, except in accordance with this Protective Order. When notified to do so, persons attending depositions, other than the witness and his or her outside counsel, provided that the witness and his or her outside counsel have signed the appropriate Agreement attached to this Protective Order, must leave the room before any discussion of any designated Information, or any excerpts, summaries, or information derived therefrom, that the person is not entitled under this Protective Order to review.

(b) *Bulk Designation*. To expedite production of potentially voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed confidentiality review, subject to the "claw-back" procedures in Paragraphs 3(f), 9 and 10 of this Order, or as otherwise agreed to. In so doing, the Producing Party may designate those collections of documents that by their nature contain "Confidential" or "Highly Confidential" Information with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. The materials that may be so designated shall be limited to the types or categories of documents that the Producing Party reasonably believes may contain Confidential or Highly Confidential Information, as defined in Paragraph 2 of this Order. Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents as Confidential or Highly Confidential on the grounds that it does not or they do not qualify for such protection. If the Producing Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

(c) *Marking*. All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items or

electronically stored Information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored Information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such Information. Whenever any Information produced as electronically stored information, and designated as Confidential or Highly Confidential, is reduced to a hard-copy or electronic document, such copy shall be marked with the appropriate legend.

(d)     *Redaction.* Any Producing Party may redact from the documents and things it produces any Confidential or Highly Confidential Information, as defined in Paragraph 2, that the Producing Party claims is irrelevant and nonresponsive (including but not limited to proprietary financial information and information about products or components unrelated to the Action) or that is subject to attorney-client privilege, work-product protection, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," "CBI," "PRIVACY," "PII," "NON-RESPONSIVE," "PRIVILEGED," or a comparable notice. Where a document consists of more than one page, each page on which Information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document. The process for challenging the designation of redactions shall be the same as the process for challenging the designation of Confidential and Highly Confidential Information set forth in Paragraph 4. If counsel for the Producing Party agrees that Information initially redacted shall not be subject to redaction or shall receive alternative treatment, or if the Court orders that those materials shall not be subject to redaction or shall receive alternative treatment, and the Information is subsequently produced in unredacted form, then that unredacted Information shall bear the legend "Confidential" or "Highly Confidential" and shall continue to

receive the protections and treatment afforded to documents bearing those designations.

(e)     *Timing*. Subject to the provisions of Paragraphs 3(f), 9 and 10, documents and other objects must be designated as Confidential or Highly Confidential, and redactions must be applied to Highly Confidential Information, before disclosure. In the event that a Producing Party designates some or all of a witness's deposition testimony as Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to the Receiving Party within forty-five (45) days of receipt of the final transcript, provided, however, that the Receiving Party will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as Highly Confidential pending the deadline.

(f)     *Errors*. Disclosure of Confidential or Highly Confidential Information does not waive the confidential status of such Information. In the event that Confidential or Highly Confidential Information is disclosed without a marking or designation of it as such, the Producing Party or a third-party may thereafter assert a claim or designation of confidentiality, and the Producing Party shall promptly provide replacement media. Thereafter, the Receiving Party must immediately return the original Confidential or Highly Confidential Information and all copies of the same to the Producing Party and make no use of such Information.

4.     <u>Challenges to Confidentiality Designations</u>. Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Designating Party's counsel specifying the specific documents it challenges, by Bates Number, and explaining the basis for each challenge. The Designating Party or its counsel shall thereafter, within fifteen (15) calendar days, respond to such objection in writing by either of the following: (i) agreeing to remove the designation; or (ii) stating the reasons for

such designation. Counsel may agree to a reasonable extension of the fifteen-day period, if necessary. If the objecting party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party may move the Court for an order withdrawing the designation as to the specific designation on which the Parties could not agree. On such a motion, the Designating Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law. In the event a motion is filed by the objecting party, the Information at issue shall continue to be treated in the manner as designated by the Designating Party until the Court orders otherwise. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a Confidential or Highly Confidential designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate. Each party shall bear its own fees and costs related to any challenges of confidentiality designations under this Protective Order.

    5.    <u>Access to Confidential Information</u>. The Receiving Party may share Confidential Information with only the following persons and entities related to the above-captioned case:

    (a)    The Court and its staff;

    (b)    Parties named in the above-captioned case or with respect to GM, any employees or former employees engaged in assisting GM's attorneys in the conduct of the Action;

    (c)    Parties' counsel and their staff;

    (d)    Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, professional

1    jury or trial consultants, and e-discovery, database or coding services retained by
2    counsel, provided that these individuals or an appropriate company official with
3    authority to do so on behalf of the company executes an agreement attached hereto
4    as Appendix A;

5         (e)     Special masters;

6         (f)     Mediators;

7         (g)     The direct staff of those identified in Paragraphs 5(e) and 5(f),
8    provided they execute an agreement in the form attached hereto as Appendix A;

9         (h)     Deponents and trial witnesses during a deposition or trial who have
10   a reasonable need to see the Confidential Information in order to provide testimony,
11   provided such witness executes an agreement in the form attached hereto as
12   Appendix A;

13        (i)     Independent experts of the Receiving Party to whom disclosure is
14   reasonably necessary for this Action and who have signed the agreement attached
15   as Appendix A.

16        i.     An independent expert means an individual expert
17   and/or individual independent consultant retained or employed to advise or assist
18   counsel in prosecuting or defending claims in the Action.

19        ii.     . Any person who was entitled to view Confidential
20   or Highly Confidential Information solely as an Independent Expert,
21   notwithstanding the fact that he or she is no longer serving as an Independent
22   Expert in the Action, is still bound by all provisions of this paragraph until the final
23   disposition of this Action, or until four years after the independent expert has last
24   reviewed Confidential Information, whichever is earlier.

25        (j)     Any other person to whom the Producing Party, in
26   writing, authorizes disclosure.

27        6.     <u>Access to Highly Confidential Information</u>. The Receiving Party
28   may share Highly Confidential Information with only the following persons and

entities related to the above-captioned case:

    (a)    The Court and its staff;

    (b)    Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, professional jury or trial consultants, and e-discovery, database or coding services retained by counsel, provided that these individuals or an appropriate company official with authority to do so on behalf of the company executes an agreement attached hereto as Appendix A;

    (c)    Special masters, mediators and their staff, provided that such persons execute an agreement attached hereto as Appendix A;

    (d)    Counsel in the Action, the Receiving Party's external counsel, and a Receiving Party's internal counsel whose primary responsibilities include overseeing litigation in the above-captioned case, and their direct staff, provided that (i) the proposed recipient agrees to be bound by this Order and signs the agreement attached hereto as Appendix A; (ii) the proposed recipient agrees to be bound by any discovery-related or protective Orders, including Federal Rule of Evidence 502(d) Orders, that may be entered in the above-captioned case; (iii) counsel for the party that supplies the Highly Confidential Information to such recipient maintains copies of the certificates and a log identifying each such recipient; and (iv) upon a showing by a party that Highly Confidential Information has been used in violation of this Order, counsel shall provide copies of the log and certificate to the Court for *in camera* review;

    (e)    Persons who prepared, received, or reviewed the Highly Confidential Information prior to its production and who execute an agreement in the form attached hereto as Appendix A;

    (f)    A witness during a hearing, a deposition, or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a

1    deposition, to have specific knowledge of the contents of the documents designated

2    "HIGHLY CONFIDENTIAL," provided such witness executes an agreement in the

3    form attached hereto as Appendix A;

4    (g)    Independent experts of the Receiving Party to whom

5    disclosure is reasonably necessary for this Action and who have signed the

6    agreement attached as Appendix A, except that any person who is currently

7    employed by a direct competitor of any Party named in the Action may not receive

8    information designated as "Highly Confidential" by the competitor party.  For

9    purposes of this provision, as it relates to GM, a "direct competitor" is a company

10   that designs and manufactures automobiles for consumer use.

11   i.    An independent expert means an individual expert

12   and/or individual independent consultant retained or employed to advise or assist

13   counsel in prosecuting or defending claims in the Action.

14   ii.    Any person who was entitled to view Confidential

15   and  Highly  Confidential  Information  solely  as  an  Independent  Expert,

16   notwithstanding the fact that he or she is no longer serving as an Independent

17   Expert in the Action, is still bound by all provisions of this paragraph until the final

18   disposition of this Action, or until four years after the independent expert has last

19   reviewed Highly Confidential Information, whichever is earlier.

20   (h)    Any other person to whom the Producing Party, in

21   writing, authorizes disclosure.

22   7.    Use of Confidential and Highly Confidential Information. Counsel

23   for the Parties to whom Confidential and Highly Confidential Information has been

24   furnished shall be responsible for restricting disclosure in accordance with the

25   provisions  of  this  Protective  Order.  Confidential  and  Highly  Confidential

26   Information must be stored and maintained by a Receiving Party at a location and

27   in a secure manner that ensures that access is limited to the persons authorized

28   under this Protective Order. The parties will develop, implement, maintain, and use

appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Information, and to prevent unpermitted use or disclosure of any Confidential or Highly Confidential Information they may receive from any person in connection with the Action.

   (a)  *Restricted to This Proceeding.* Confidential Information and Highly Confidential Information must be used only in this proceeding for prosecuting, defending, or attempting to settle the Action and for no other purpose, except that this Protective Order shall not be construed to prohibit GM's disclosure or production of safety-related information to a regulatory agency or governmental entity with an interest in the safety-related information. Information subject to this protective order may only be disclosed to a regulatory agency or governmental entity with an interest in the safety-related information by GM, and such disclosure shall be made pursuant to 49 CFR 512 or similar applicable rules. If other parties to this protective order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the procedure described in this Paragraph.

   (b)  *Acknowledgement.* Subject to the restrictions contained in Paragraphs 5 and 6, the persons identified in Paragraph 5 may receive or review Confidential Information and the persons identified in Paragraph 6 may receive or review Highly Confidential Information. All persons specifically designated in Paragraphs 5 and 6 must execute the agreement attached hereto as Appendix A or affirm on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during a deposition and will keep the transcript confidential. Counsel for the parties shall retain each such executed certificate and shall keep a list identifying (1) all persons described in paragraphs 5(e), (i), (j), or (k) or 6(b), (e), (f), (g), or (h) to whom Confidential or Highly Confidential

Information has been disclosed, and (2) all Confidential or Highly Confidential Information disclosed to such persons. Each such executed certificate and list shall be submitted to counsel for the Producing Party at the final disposition of this litigation or upon Order of the Court requiring production, whichever comes first. However, for consulting experts who were not designated as testifying experts, counsel may redact the name, address, and signature of the consultant before disclosing the executed certificate and document list for that person. To the extent the Qualified Persons described in paragraphs 5 and 6 include privileged non-testifying expert consultants, counsel for the Receiving Party shall retain each such executed certificate and shall keep a list identifying (a) all such non-testifying expert consultants to whom Confidential or Highly Confidential Information has been disclosed, and (b) all Confidential or Highly Confidential Information disclosed to such persons. In the event that a party seeks to compel the production of each unredacted and executed certificate for good cause, Counsel for the Receiving Party shall submit each unredacted and executed certificate and list to the Court for *in camera* inspection. Persons described in paragraph 5(b) and (c) and 6(d) shall be covered under the signature of Counsel of Record.

(c)     *Filings.* All parties shall make reasonable efforts to avoid requesting the filing of Confidential or Highly Confidential Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any such Information not directly pertinent to the submission. Where not reasonably possible, any Party wishing to file a document or paper containing Confidential or Highly Confidential Information may request by motion that such Information be filed under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

i.     A Party may not file in the public record in the Action any Confidential or Highly Confidential Information Without written permission from

the Designating Party or a court order secured after appropriate notice to all interested persons. All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, quote, paraphrase, summarize, or otherwise contain information from Confidential or Highly Confidential Information, if filed with the court, shall either be redacted from the court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as Confidential and Highly Confidential Information) or may be filed under seal pursuant to the rules governing sealed documents, as set forth in the applicable Local Rules.

(d)  *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre- trial hearing shall be determined by agreement of the parties or by Order of the Court. Confidential or Highly Confidential information will retain its confidential status even if used at hearings.

(e)  *Trial.* The use of Confidential or Highly Confidential Information during the trial shall be determined by Order of the Court. Confidential or Highly Confidential information will retain its confidential status even if used at trial.

(f)  *Subpoena by Other Courts or Agencies.* If a Party or their counsel receive a discovery request for or if another court or an administrative agency subpoenas or otherwise orders production of Confidential or Highly Confidential Information that any Party or other person has obtained under the

1   terms of this Order, the Party or other person to whom the subpoena or other

2   process is directed must notify the Producing Party in writing within five (5) days

3   of all of the following: (a) the discovery materials that are requested for production

4   in the subpoena; (b) the date by which compliance with the subpoena is requested;

5   (c) the location at which compliance with the subpoena is requested; (d) the identity

6   of the party serving the subpoena; and (e) the case name, jurisdiction and index,

7   docket, complaint, charge, civil action or other identification number or other

8   designation identifying the relevant action, administrative proceeding, or other

9   proceeding in which the subpoena or other process has been issued. The Party

10  subject to such discovery request or subpoena shall not produce or disclose the

11  Confidential or Highly Confidential Information absent the written consent of the

12  Party or third party whose Confidential or Highly Confidential Information is

13  sought or if a court of competent jurisdiction orders the production. Further, the

14  party or person receiving the subpoena or other process will cooperate with the

15  Producing Party in any proceeding related thereto. The Producing Party will bear

16  the burden and all costs of opposing the subpoena on grounds of confidentiality.

17        (g)   *A Non-Party's Protected Material Sought To Be*

18  *Produced In This Litigation.*

19            i.   The terms of this Order are applicable to

20  information produced by a Non-Party in this Action and designated as

21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such Information produced

22  by Non-Parties in connection with the Action is protected by the remedies and relief

23  provided by this Order. Nothing in these provisions should be construed as

24  prohibiting a Non-Party from seeking additional protections.

25           ii.   In the event that a Party is required, by a valid

26  discovery request, to produce a Non-Party's Confidential or Highly Confidential

27  Information in its possession, and the Party is subject to an agreement with the

28  Non-Party not to produce the Non-Party's Confidential or Highly Confidential

1   Information, then the Party shall: (1) promptly notify in writing the Requesting

2   Party and the Non-Party that some or all of the information requested is subject to a

3   confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party

4   with a copy of the Stipulated Protective Order in this litigation, the relevant

5   discovery request(s), and a reasonably specific description of the information

6   requested; and (3) make the information requested available for inspection by the

7   Non- Party.

8            iii.    If the Non-Party fails to object or seek a protective

9   order from this court within 14 days of receiving the notice and accompanying

10  information, the Receiving Party may produce the Non-Party's confidential

11  information responsive to the discovery request. If the Non-Party timely seeks a

12  protective order, the Receiving Party shall not produce any information in its

13  possession or control that is subject to the confidentiality agreement with the Non-

14  Party before a determination by the court. Absent a court order to the contrary, the

15  Non-Party shall bear the burden and expense of seeking protection in this court of

16  its <u>Confidential and Highly Confidential Information.</u>

17           iv.    With respect to any document or information or

18  other material that is produced or disclosed by any third party without a designation

19  of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any Party may designate

20  such material as Confidential or Highly Confidential within thirty (30) calendar

21  days of actual knowledge of the production or disclosure of the material, or such

22  other time as may be agreed upon by the Parties. Parties may designate such

23  material by sending written notice of a designation to all other Parties in possession

24  or custody of such previously undesignated material. The Designating Party shall

25  either provide the Bates number(s) of the material in the written notice or provide a

26  copy of the designated material bearing the appropriate legend. Within thirty (30)

27  calendar days of receipt of such notice, or such other time as may be agreed upon

28  by the Parties, any Party receiving such notice or copy of the designated material

1   pursuant to this subparagraph shall return to the Designating Party all undesignated

2   copies of such material in their custody or possession, shall inform the Designating

3   Party that all undesignated copies of such material in their custody or possession

4   have been discarded, or shall affix the legend to all copies of such designated

5   material in their custody or possession. Upon notice of designation pursuant to this

6   Paragraph, the Parties also shall: (i) make no further disclosure of such designated

7   material or information contained therein, except as allowed under this Order; (ii)

8   take reasonable steps to notify any persons who were provided copies of such

9   designated material of the terms of this Protective Order; and (iii) take reasonable

10  steps to reclaim any such designated material in the possession of any person not

11  permitted access to such information under the terms of this Protective Order. No

12  Party shall be deemed to have violated this Order for the sole reason that such

13  material has been disclosed or used in a manner inconsistent with the subsequent

14  designation, prior to notification of the subsequent designation.

15          (h)   *Specific Restrictions.*   Confidential   or   Highly

16  Confidential Information may not be posted on any website or internet accessible

17  document repository except for a hosting vendor website that is accessible only to

18  the Receiving Party's counsel. Receiving Parties shall not under any circumstance

19  sell, offer for sale, advertise, or publicize the Confidential or Highly Confidential

20  Information or the fact that such persons have obtained a party's Confidential or

21  Highly Confidential Information.

22          (i)   *Unauthorized Disclosure.*   If a Receiving Party

23  learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly

24  Confidential Information to any person or in any circumstance not authorized under

25  this Protective Order, the Receiving Party must immediately (a) notify in writing

26  the Designating Party of the unauthorized disclosures, (b) use its best efforts to

27  retrieve all unauthorized copies of the Confidential and Highly Confidential

28  Information, (c) inform the person or persons to whom unauthorized disclosures

1   were made of all the terms of this Order, and (d) request such person or persons to

2   execute the agreement attached as Appendix A.

3       8.      Return of Discovery Materials. Within ninety (90) days of the

4   termination of any party from all proceedings related to the above-captioned case,

5   that party, its employees, attorneys, consultants and experts must destroy or return

6   (at the election of the Receiving Party) all originals and/or copies of documents

7   with Confidential Information or Highly Confidential Information; provided,

8   however, that the obligation to destroy or return such documents that is imposed on

9   counsel, consultants and experts representing multiple parties shall not occur until

10  the last of their represented parties has been terminated from the foregoing

11  referenced proceedings. At the written request of the Producing Party, any person

12  or entity having custody or control of recordings, notes, memoranda, summaries or

13  other written materials, and all copies thereof, related to or containing discovery

14  materials produced by the Producing Party (the "Discovery Materials") shall deliver

15  to the Producing Party an affidavit certifying that reasonable efforts have been

16  made to assure that all Discovery Materials (except for privileged communications,

17  work product and court- filed documents, as stated above) have been destroyed or

18  delivered to the Producing Party in accordance with the terms of this Protective

19  Order. A Receiving Party is permitted to retain a list of the documents by Bates

20  Number that are produced by a Producing Party under this Protective Order.

21  **II.    PRIVILEGES**

22      9.      No Waiver by Disclosure.

23          (a)     This Order is entered, *inter alia*, pursuant to Rule 502(d)

24  of the Federal Rules of Evidence. If a Producing Party discloses information in

25  connection with the pending litigation that the Producing Party thereafter claims to

26  be privileged or protected by the attorney-client privilege or attorney work product

27  protection ("Disclosed Protected Information"), the disclosure of the Disclosed

28  Protected Information shall not constitute or be deemed a waiver or forfeiture of

1   any claim of privilege or work product protection that the Producing Party would

2   otherwise be entitled to assert with respect to the Disclosed Protected Information

3   and its subject matter in this proceeding or in any other federal or state proceeding.

4       (b) A Producing Party may assert in writing attorney-client

5   privilege or work product protection with respect to Disclosed Protected

6   Information. The Receiving Party must—unless it contests the claim of attorney-

7   client privilege or work product protection in accordance with sub-paragraph (c)—

8   within five (5) business days of receipt of that writing, (i) return or destroy all

9   copies of the Disclosed Protected Information, and (ii) provide a certification of

10  counsel that all of the Disclosed Protected Information has been returned or

11  destroyed. Within five (5) business days of receipt of the notification that the

12  Disclosed Protected Information has been returned or destroyed, the Producing

13  Party must produce a privilege log with respect to the Disclosed Protected

14  Information.

15      (c) If the Receiving Party contests the claim of attorney-client

16  privilege or work product protection, the Receiving Party must—within five

17  business days of receipt of the claim of privilege or protection—move the Court for

18  an Order compelling disclosure of the Disclosed Protected Information (a

19  "Disclosure Motion"). The Receiving Party must seek to file the Disclosure Motion

20  under seal and must not assert as a ground for compelling disclosure the fact or

21  circumstances of the disclosure, and may not disclose, rely on or refer to any of the

22  Disclosed Protected Information. Pending resolution of the Disclosure Motion, the

23  Receiving Party must sequester the Disclosed Protected Information and not use the

24  Disclosed Protected Information or disclose it to any person other than as required

25  by law.

26      (d) The parties may stipulate to extend the time periods set

27  forth in sub-paragraphs (b) and (c).

28      (e) Disclosed Protected Information that is sought to be

1   reclaimed by the parties to this case pursuant to this Order shall not be used as

2   grounds by any third party to argue that any waiver of privilege or protection has

3   occurred by virtue of any production in this case.

4           (f)    The Producing Party retains the burden of establishing the

5   privileged or protected nature of the Disclosed Protected Information. Nothing in

6   this paragraph shall limit the right of any party to petition the Court for an *in*

7   *camera* review of the Disclosed Protected Information.

8           (g)    If the Court sustains the claim that the material disclosed,

9   exchanged, produced, or discussed is Privileged Material, the Receiving Party must,

10   within ten (10) days of the Court's order, promptly return and/or destroy the

11   material and all the privileged or work product-protected material. The Receiving

12   Party shall advise the Producing Party in writing of the return and/or destruction.

13           10.    <u>Receiving Party's Obligation</u>. Nothing in this Order shall relieve

14   counsel for any Receiving Party of any existing duty or obligation, whether

15   established by case law, rule of court, regulation or other source, to return, and not

16   to review, any privileged or work product materials without being requested by the

17   Producing Party to do so. Rather, in the event a Receiving Party becomes aware

18   that it is in possession of what appears to be privileged documents or materials,

19   then counsel for the Receiving Party shall immediately (i) cease any further review

20   or use of that document or material, and (ii) notify the Producing Party of the

21   apparent production of Disclosed Protected Information, requesting whether the

22   documents or materials are Disclosed Protected Information. In the event the

23   Producing Party confirms the documents or material are Disclosed Protected

24   Information, the Receiving Party shall (i) promptly return or destroy all copies of

25   the Disclosed Protected Information in its possession and (ii) take reasonable steps

26   to retrieve all copies of the Disclosed Protected Information distributed to other

27   counsel or non-parties.

28           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

1  privileged information to any person or in any circumstance not authorized under
2  this Stipulated Protective Order, the Receiving Party must immediately (1) notify in
3  writing the Designating Party of the unauthorized disclosures, (2) use its best
4  efforts to retrieve all unauthorized copies of the privileged information, (3) inform
5  the person or persons to whom unauthorized disclosures were made of all the terms
6  of this Order, and (4) request such person or persons to execute an agreement in the
7  form attached hereto as Appendix A.

8     11.     Privilege Log Production.

9          (a)     Unless otherwise provided in this Order, any document
10  falling within the scope of any request for production or subpoena that is withheld
11  on the basis of a claim of attorney-client privilege, work product, or any other claim
12  of privilege or immunity from discovery is to be identified by the Producing Party
13  on a privilege log, which the Producing Party shall produce in an electronic format
14  that allows text searching within 60 days of the production of underlying
15  documents. For administrative purposes, an e-mail thread contained within a single
16  document need only be recorded once on the Producing Party's privilege log, even
17  if a privilege is asserted over multiple portions of the thread. Redacted documents
18  need not be logged, provided that: (a) for emails, the bibliographic information (i.e.
19  to, from, cc, bcc, recipients, date and time) is not redacted, and the reason for the
20  redaction is noted on the face of the document; and (b) for non-email documents,
21  the reason for the redaction is noted on the face of the document. Documents that
22  are redacted shall be identified as such in a "redaction" field in the accompanying
23  data load file.

24          (b)     Privilege log identification is not required for work
25  product created by counsel, or by an agent of counsel other than a party, after
26  October 14, 2015, or for *post*-October 14, 2015 communications exchanged
27  between or among (i) the Producing Party and their counsel; (ii) counsel for the
28  Producing Party; (iii) counsel for Plaintiffs; and/or (iv) counsel for Defendant.

1 Privilege log identification is also not required for (i) communications between a

2 Producing Party and its counsel in proceedings other than those related to the

3 above-captioned case; (ii) work product created by a Producing Party's counsel, or

4 by an agent or contractor of counsel other than the Producing Party, in proceedings

5 other than the above-captioned case; (iii) internal communications within (A) a law

6 firm representing a party, or (B) a legal department of a party that is a corporation

7 or another organization.

8         (c)    In order to avoid unnecessary cost, the parties are

9 encouraged to identify categories of privileged information that may be logged

10 categorically rather than document-by-document. *See* Advisory Committee Note to

11 Fed. R. Civ. P. 26(b)(5) (1993). The parties shall meet and confer on this issue and

12 raise with the Court either:

13         (i) agreements reached with respect to documents that the

14 parties have agreed to log by category, or

15         (ii) proposals for logging other than document-by-

16 document that have been proposed by one or more Producing Parties, but which

17 have not been agreed to by the Receiving Parties. The parties should keep in mind

18 that the Court's intention is to enable the parties to minimize the cost and resources

19 devoted to privilege logging, while enabling the Court and Receiving Party to

20 assess the assertions of privilege made by the Producing Party.

21 **III.   MISCELLANEOUS**

22     12.    Violations of the Protective Order by a Receiving Party. In the

23 event that any person or party violates the terms of this Protective Order, the

24 aggrieved Producing Party should apply to the Court to obtain relief against any

25 such person or party violating or threatening to violate any of the terms of this

26 Protective Order. In the event that the aggrieved Producing Party seeks injunctive

27 relief, it must direct the petition for such relief to this Court. To the extent the same

28 document or categories of documents are at issue in both the above-captioned case,

the Parties will attempt first to resolve the issue in the instant case and before this Court. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

13.    <u>Violations of the Protective Order by Disclosure of Personal Information</u>. In the event that any person or party violates the terms of this Protective Order by disclosing Confidential Personal Information or Highly Confidential Information relating to an individual third party, as defined in Paragraph 2 of this Order, or in the event that any person or party breaches the terms of the Protective Order in a manner that requires disclosure to a third party under pertinent privacy laws or otherwise, it shall be the responsibility of the breaching party to contact that third party and to comply with any laws or regulations involving breaches of Personal Information.

<u>Protective Order Remains in Force</u>. This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of these Actions. The Court retains jurisdiction even after termination of these Actions to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

Dated: February 21, 2020          KNAPP, PETERSEN & CLARKE


By: /s/ André E. Jardini
    André E. Jardini
    K.L. Myles
    Michael D. Carr
    Attorneys for Plaintiffs
    ESTATE OF WILLIAM D.
    PILGRIM, WALTER

GOETZMAN, CHAD REESE,
JEROME E. PEDERSON,
AHMED J. CANNON, MICHAEL
FERNANDEZ, ROY HALEEN,
HOWARD KOPEL, ROBERT C.
MURPHY, MIKE PETERS,
MARC ADAMS, KALEB ISLEY,
KAI QIAN, MARK ROWE,
DALLAS WICKER, MIGUEL
QUEZADA, CHRISTOPHER
CONSTANTINE, BRADLEY
GRANT, JOHN PARSONS,
ROBERT L. BRIGGS, ROBERT
EDGAR, ROGER L.
BROWNING, LYLE DUNAHOO,
AARON CLARK, ALAN
PELLETIER, EDWIN WILLIAM
KRAUSE, FRANK JUZSWIK, S.
GARRETT BECK, DAVID
SHELDON, JAN ENGWIS,
ADAM BALDUCCI, ALAN
FERRER, JARED KILEY, JEFF
KOLODZI, DEREK VAN DEN
TOP, MORRIS SMITH, ANDRES
FREY, SHAWN BAIN, JEFFREY
M. MILLSLAGLE, ROBERT
GEISS, LYLE BARKLEY,
DENNIS PALMQUIST,
ANTHONY STACK, RANDY
STANDKE, TUAN BUI,
MATHEW EVANS, DAVID
WARD, DAVID PENROD,
DEVRY DAVIS, WILLIAM
CHURCH, EDWIN ROJAS,
DAVID MARCARIAN,
RICHARD JENKINS, JAMES
OSHEIM, JOHN PENDLETON,
JACK WOODALL, JOHN
LEBAR. BENJAMIN LUKE,
individuals, on behalf of
themselves and all others similarly
situated

CROWELL
& MORING LLP
ATTORNEYS AT LAW

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 2:15-CV-08047 JFW (EX)

Dated: February 21, 2020                 CROWELL & MORING LLP


                                          */s/ Kathleen Taylor Sooy*
                                          Kathleen Taylor Sooy
                                          April N. Ross
                                          Andrew Holmer

                                ISAACS CLOUSE CROSE & OXFORD LLP
                                          Gregory R. Oxford

                                Attorneys for GENERAL MOTORS LLC


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED: *2/24/20*

                                          HON. CHARLES F. EICK
                                          United States Magistrate Judge

1

**APPENDIX A**

2

**UNITED STATES DISTRICT COURT**

3

**CENTRAL DISTRICT OF CALIFORNIA**

4

**WESTERN DIVISION**

5

6

7   ESTATE OF WILLIAM D.
8   PILGRIM, *et al.*,                        **Case No.:** _2:15-cv-08047 JFW (Ex)
                        Plaintiffs,
9                                         _____
10  vs.
11  GENERAL MOTORS LLC and
    DOES 1-50 inclusive,
12                        Defendants
13

14                          **AGREEMENT**

15        I hereby certify that I have read the Order Protecting Confidentiality

16  ("Order") entered in the above-captioned action ("Action") and that I understand

17  the terms thereof. I agree to be bound by the Order. If I receive documents or

18  information designated as Confidential or Highly Confidential, as those terms are

19  defined in the Order, I understand that such information is provided to me pursuant

20  to the terms and restrictions of the Order. I agree to hold in confidence and not

21  further disclose or use for any purpose, other than as permitted by the Order, any

22  information disclosed to me pursuant to the terms of the Order. I further agree to

23  submit to the jurisdiction of this Court for purposes of enforcing the Order and

24  agree to accept service of process in connection with this Action or any proceedings

25  related to enforcement of the Order by certified letter, return receipt requested, at

26  my principal residence, in lieu of personal service or other methods of service.

27        I understand that these certifications are strictly confidential, that counsel for

28  each party are maintaining the certifications without giving copies to the other side,

1   and that the parties expressly agreed and the Court ordered that except in the event

2   of a violation of this Order, the parties will make no attempt to seek copies of the

3   certifications or to determine the identities of persons signing them. I further

4   understand that if the Court should find that any disclosure is necessary to

5   investigate a violation of this Order, the disclosure will be limited to outside

6   counsel only, and outside counsel shall not disclose any information to their clients

7   that could tend to identify any certification signatory unless and until there is

8   specific evidence that a particular signatory may have violated the Order, in which

9   case limited disclosure may be made with respect to that signatory.

10

11  Dated: _____   By: _____

12                                          (Signature)

13                                      _____

14                                          (Typed or printed name)

15

16                                      _____

17                                          (Address)

18

19

20

21

22

23

24

25

26

27

28

1

## **ATTESTATION**

2        Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all signatories

3  listed and on whose behalf this filing is submitted concur in this filing's content and

4  have authorized the filing.

5

6  Dated: February 21, 2020           CROWELL & MORING LLP

7

8                         */s/ Kathleen Taylor Sooy*

9                          Kathleen Taylor Sooy

10                  Attorney for GENERAL MOTORS LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28